UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GEORGE E. ANDERSON,                                                            No. 05-10433

                      Debtor(s).
_____/

Memorandum re Homestead Exemption
_____

      Debtor George Anderson is 79 years old. The property at 3539 Buttermilk Lane, Arcata, California, has been his home for 35 years. He and his wife lived there continuously until about three years ago, when three circumstances common to those of his age arose. First, his wife began staying in Sacramento to take care of her aged mother. Second, Anderson had open heart surgery. Third, after the death of her mother Anderson's wife herself suffered a stroke. The continuing healthcare needs of Anderson and his wife require them to spend most of their time in Sacramento. In the past two years or so, Anderson has spent about 12 days a year at his Buttermilk Lane property and the rest of the time in Sacramento.

      On March 24, 2004, judgment creditor and objecting party Stohlman & Rogers, Inc., obtained a writ of execution for the sale of the Buttermilk Lane property. Anderson claimed the property exempt under California's automatic homestead law. The state court held that "[t]he distinction between a declared homestead and an automatic homestead is critical in this case." Citing *Webb v. Trippett* (1991) 235 Cal.App.3d 647, at length, the state court held that Anderson's claim of exemption under the automatic homestead provisions could not be sustained but strongly implied that the ruling would be

1

different if Anderson had recorded a declaration of homestead. Anderson thereafter recorded a declaration of homestead and on March 8, 2005, filed a Chapter 7 petition. He claimed the Buttermilk Lane property exempt under the declared homestead provisions. Stohlman & Rogers objects.

There are two issues in this case: whether the declared homestead provisions are applicable in bankruptcy cases and, if so, whether Anderson can exempt the property under those provisions.[1]

Since California has opted out of the federal exemption scheme, state law governs Anderson' rights. *In re Mulch*, 182 B.R. 569 572 (Bankr.N.D.Cal.1995). In a case of first impression arising shortly after California's new Enforcement of Judgment Act went into effect, the Court of Appeals in *In re Anderson* 824 F.2d 754 (9th Cir.1987)[no relation to the debtor in this case], decided that in the event of an involuntary sale the debtor had only the rights specified in the automatic homestead law and not the extra rights afforded under the recorded homestead law.

Although the Circuit decision in *Anderson* has been reiterated by the Appellate Panel in *In re Kelly*, 300 B.R. 11 (9th Cir. BAP 2003), state courts continue to rule as the state court did in this case that both the automatic and declared homestead provisions are applicable to forced sales. *Anderson* is rarely mentioned in state law treatises, and when mentioned it is usually treated as an anomaly. See, e.g., 37 Cal. Jur.3d, Homesteads, § 31n2. The creditor in this case asks the court to apply *Anderson* and *Kelly* even though they are inconsistent with state law.

While the doctrine of *stare decisis* requires this court to follow the rulings of the Court of Appeals in most instances, there is an exception where the Court of Appeals decision interpreted state law and the court is convinced that the decision is not being followed by state courts and would not be followed by its highest court. *FDIC v. McSweeney*, 976 F.2d 532, 535 and 536n3 (9th Cir. 1992), cert. denied, 508 U.S. 950 (1993); See also Jed I. Bergman, Note, *Putting Precedent in its Place: Stare Decisis and Federal Predictions of State Law*, 96 Colum. L.Rev. 969 (1996).

---

[1] The state court decision is not *res judicata* because of the passage of time (*In re Morgan*, 149 B.R. 147, 153 (9th Cir.BAP 1993)) and the recording of the homestead declaration, which creates a different issue.

2

Case: 05-10433　Doc# 45　Filed: 09/16/05　Entered: 09/16/05 11:24:14　Page 2 of 3

1       While the California Supreme Court has not directly ruled on whether the declared homestead provisions are applicable to forced sales, it has discussed at length and cited with approval *Webb v. Trippett* (1991) 235 Cal.App.3d 647, 286 Cal.Rptr. 742, a case decided well after *Anderson*. The court in *Webb* applied the declared homestead provisions in reversing an order for a forced sale of homesteaded property of a debtor who had been absent for over two years. In *In re Morse* (1995) 11 Cal.4th 184, 204, 12 Cal.4th 344A, 900 P.2d 1170, 44 Cal.Rptr.2d 620, the California Supreme Court noted that *Webb* shows "that a declared homestead may, depending on the circumstances, offer an advantage over the automatic homestead exemption. For example, in *Webb* the property owner lost the automatic exemption because he had ceased to reside on the property, whereas his declared homestead continued in effect until a statutorily prescribed form of abandonment was shown."

      For the foregoing reasons, the court concludes, as the state court concluded, that the controlling case in this matter is *Webb*. According to that case, a declared homestead continues in effect, even in the absence of the debtor, until a statutorily prescribed form of abandonment is shown and that this protection is applicable when there is an attempt to force a sale of the property.

      Applying state law to this case, the court finds that Anderson has not abandoned his homestead, and that continuing occupation is not required to maintain the exemption. Like many elderly people, health concerns and the needs of his wife have caused him to be absent from his home for a considerable length of time. These factors do not constitute abandonment of a homestead under California law. It is rather ghoulish, and certainly not consistent with the spirit of homestead law, to suggest that a creditor can benefit from a debtor's misfortunes due to advanced age.

      For the foregoing reasons, the objection to Anderson's claim of exemption will be overruled. Counsel for Anderson shall submit an appropriate form of order.

Dated: September 16, 2005

                                                      Alan Jaroslovsky
                                                      U.S. Bankruptcy Judge