UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GEORGE E. ANDERSON, No. 05-10433

Debtor(s).
_____/

Memorandum re Lien Avoidance
_____

After significant struggling, the court finds itself unable to resolve what should be a simple matter. To assist the court, counsel for the debtor and counsel for creditor Stohlman & Rogers shall meet and confer and file a joint statement of disputed and undisputed facts. Ten days after the joint statement of facts is filed, each side shall file a brief setting forth its calculations showing why the judgment lien should or should not be avoided.[1]

The parties shall file, either as part of their calculations brief or as a separate memorandum of law, a legal brief setting forth the case an statutory law upon which they rely. Of particular interest to the court is why the court should use the $407,000.00 sale price as the starting point for calculations, since the sale was entered into over a year after the case was filed and was also to the creditor itself, so it may not be a reliable measure of value. It appears to the court that the value and liens are to be

---

[1] The parties shall assume that the homestead is allowed for $150,000.00. In the event the motion to avoid the lien is granted, the court will fashion an order preserving the creditor's rights in the event that the allowance of the homestead is reversed on appeal.

1

determined as of the date of filing of the petition. See § 522(a)(2) of the Bankruptcy Code and *In re Salanoa*, 263 B.R. 120 (Bankr.S.D.Cal. 2001).

This matter will be deemed submitted once the briefs are filed, unless the court determines that an evidentiary hearing is necessary to resolve a disputed issue of fact.

Dated: May 17, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

2